UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 31 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL KRONK, on behalf of
himself and all others similarly situated,

Plaintiff - Appellant,

v.

LANDWIN GROUP, LLC; et al.,

Defendants - Appellees.

No. 11-56191

D.C. No. 8:10-cv-00242-CJC-MLG
U.S. District Court for Central
California, Santa Ana

**MANDATE**



RECEIVED
CLERK, U.S. DISTRICT COURT

5/31/13

CENTRAL DISTRICT OF CALIFORNIA
BY: ___MAT___ DEPUTY

MICHAEL KRONK, on behalf of
himself and all others similarly situated,

Plaintiff - Appellant,

v.

LANDWIN GROUP, LLC; et al.,

Defendants - Appellees.

No. 11-56258

D.C. No. 8:10-cv-00344-CJC-MLG
U.S. District Court for Central
California, Santa Ana

The judgment of this Court, entered May 08, 2013, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule

41(a) of the Federal Rules of Appellate Procedure.

Costs are taxed against the appellant in the amount of $41.40.

FOR THE COURT:
Molly C. Dwyer
Clerk of Court

Eliza Lau
Deputy Clerk



**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 08 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL KRONK, on behalf of himself and all others similarly situated, <br><br>         Plaintiff - Appellant, <br><br>  v. <br><br> LANDWIN GROUP, LLC; SYLVIA, INC.; SMITHDENNISON CAPITAL, LLC; CPP PROPERTIES, LLC; MUIR, LLC; MARSHALL REDDICK COMMERCIAL REAL ESTATE NETWORKS, INC.; SEAN DENNISON; MARTIN LANDIS; TOM CASAULT; CHRIS PARNASS; MARSHALL REDDICK; JACK R. ANDREWS AND ASSOCIATES, LLC; NHB FAMILY PARTNERS, LLC; MARSHALL REDDICK REALTY, INC.; MARSHALL REDDICK SEMINARS, INC.; COMMERCIAL REAL ESTATE PROPERTIES, LLC; JACK ANDREWS; NORMAN BANGERTER, <br><br>         Defendants - Appellees. | No. 11-56191 <br><br> D.C. No. 8:10-cv-00242-CJC-MLG <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted April 12, 2013
Pasadena, California

Before: BERZON and TALLMAN, Circuit Judges, and ROSENTHAL, District Judge.[**]

Plaintiff-Appellant Michael Kronk appeals from the district court's dismissal of several causes of action in a putative class action.  We have jurisdiction under 28 U.S.C. § 1291, and we review de novo.  *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).  We may affirm on any ground supported by the record, *see Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008), and we affirm.

Kronk has failed to plead sufficient facts to create a strong inference that the defendants acted with the requisite scienter for a Section 10(b) violation.  *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 998 (9th Cir. 2009).  He has also failed to plead facts that demonstrate the defendants made forward-looking statements with actual knowledge that the statements were false or misleading.  *In re Daou Sys., Inc.*, 411 F.3d 1006, 1021–22 (9th Cir. 2005).  Because he has not sufficiently alleged a Section 10(b) violation, there is no primary violation to

---

[**]      The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

support Section 20(a) liability for any defendant.  *See In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 394 (9th Cir. 2010).

The district court properly dismissed Kronk's claim under Section 25501 of the California Corporations Code because Kronk failed to assert the claim against the "literal seller" of the security—Landwin Management, LLC.  *See SEC v. Seaboard Corp.*, 677 F.2d 1289, 1296 (9th Cir. 1982).  Without a primary Section 25501 violation, there can be no liability for any defendant under Section 25504.

Kronk's claims for federal RICO violations, breach of fiduciary duty, negligent interference with a prospective economic advantage, and intentional interference with a prospective economic advantage rely on harm done to Landwin Management, not to Kronk individually.  Kronk has failed to prove that any defendant owed a special duty to him distinct from other shareholders or that Kronk suffered a unique injury, and the district court properly dismissed these claims because they were not brought as derivative actions.  *See, e.g., Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

Kronk does not have standing to assert his false advertising and unfair business practices violations because he has failed to allege any injury unrelated to the sale or purchase of a security.  *See Bowen v. Ziasun Techs., Inc.*, 116 Cal. App. 4th 777, 790 (2004).

Kronk failed to adequately plead his state law fraud claims because his allegations involve too many layers of willful ignorance to permit any factfinder to determine that his reliance on only the defendants' alleged statements—in light of the repeated instructions to obtain and read the Private Placement Memorandum and his own contractual representation that he did read it—was reasonable.  *See Seeger v. Odell*, 18 Cal. 2d 409, 414–15 (1941).

The judgment is **AFFIRMED.**